UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

RUTH E. CROUCH,

    Debtor(s)
_____/

Case No.: 09-46315-wsd
Chapter 12

Hon. Walter Shapero

BORROWERS NETWORK, LLC,

    Plaintiff/Counter-Defendant(s),

v.

RUTH E. CROUCH,

    Defendant/Counter-Plaintiff(s).
_____/

Adv. Pro. No. 09-4903-wsd

**OPINION (a) DENYING DEFENDANT DEBTOR'S MOTION FOR SUMMARY JUDGMENT ON COUNT ONE OF HER COUNTER-COMPLAINT, AND (b) DISMISSING SAID COUNTER-COMPLAINT AS TO COUNT ONE**

Defendant and Counter-Plaintiff ("Debtor") has moved for Summary Judgment on Count One of her Counter-Complaint.

**I. BACKGROUND FACTS**

Previously this Court denied Plaintiff and Counter-Defendant's ("Borrowers Network") Motion to Dismiss this same Count One by an Order entered November 6, 2009 (Docket #30). In that Order, the Court recited the following underlying facts, reiteration of which is appropriate for disposition of Debtor's Summary Judgment Motion relating to that same Count.

1

1. Plaintiff Borrowers Network is servicing agent for David Wolf ("Wolf") (or his trust), the holder of a note and mortgage secured by four parcels of real property (Parcels "A", "B", "C", and "D") which were owned by Debtor.

2. Borrowers Network foreclosed by advertisement upon and obtained a sheriff's deed dated October 26, 2005, on Parcel D. Its redemption period expired on October 26, 2006.

3. Borrowers Network also, by way of a separate advertisement, foreclosed upon Parcel A and obtained a sheriff's deed dated December 7, 2005. That redemption period expired on June 7, 2006.

4. There having been no redemptions, on June 21, 2006, Borrowers Network filed a Complaint for Termination of Tenancy in the Jackson County 12th District Court seeking possession of Parcel A. Debtor filed an answer and counterclaim. On February 26, 2007, that court issued an order finding, among other things, that "[a]lthough Wolf did not properly conduct the sheriff sales, the court finds that Wolf properly foreclosed the mortgage." The court then ordered dismissal of the action for possession because of the improperly conducted sale.

5. Thereafter, Borrowers Network reinitiated statutory foreclosure by advertisement proceedings with respect to Parcel A. In response thereto, on May 23, 2007, Debtor filed a "Complaint to Enjoin Foreclosure By Advertisement and to Declare Right to Have Defenses and Foreclosure of Equity of Redemption Determined by Action Pursuant to Equitable Accounting; the Defense of Usury," in the Jackson County Circuit Court. On June 14, 2007, that court issued an oral opinion dismissing that action. Debtor moved for reconsideration, which was denied by written order dated August 16, 2007, which stated that the earlier oral ruling was based primarily on res judicata because many of Debtor's claims had previously been raised in District Court. Regarding

2

her claim of defective foreclosure notice in connection with the reinitiated foreclosure proceedings, the court found that it was "an insufficient basis to proceed with a cause of action…." The order also found that there had not been improper parceling and that the sale complied with MCL § 600.5244. This last finding was apparently in reference to the allegation in paragraph 20 of Debtor's Complaint that "Defendant is attempting improperly to parcel the foreclosure sale in order to reduce the amount of time Plaintiffs may have under MCL § 600.3240 to redeem from such a sale."

6. Following the Circuit Court's oral opinion, on June 22, 2007, Debtor filed a "Motion to Clarify, Modify and/or Amend Opinion and Orders as by Delayed Reconsideration on Oral Argument" in the Jackson County 12th District Court regarding its February 26, 2007, order. On August 20, 2007, the District Court entered an order denying that Motion.

7. Borrowers Network then reinitiated foreclosure by advertisement proceedings (a) as to Parcel A, pursuant to which it obtained a sheriff's deed dated November 14, 2007, with a six month redemption period, and (b) as to Parcel D, pursuant to which it obtained a sheriff's deed dated January 2, 2008, with a twelve month redemption period.

8. Debtor did not effect a redemption as to either of Parcels A or D within the indicated periods, the last of which ended in January 2009. Soon after that last date, Borrowers Network initiated state court proceedings for possession of both parcels and obtained an order for possession.

9. On March 3, 2009, the Michigan Court of Appeals issued an opinion affirming the State Circuit Court's 2007 decisions set forth primarily in paragraph 5 above.

10. On March 4, 2009, Debtor filed her Chapter 12 Bankruptcy Petition.

11. On May 26, 2009, Borrowers Network, on behalf of Wolf, commenced this adversary proceeding and, on June 17, 2009, Debtor filed her Answer and Counter Complaint.

3

The Complaint specifically seeks (1) a declaration that Debtor (or the bankruptcy estate) no longer has any interest in Parcel D and (2) a declaration as to whether or not Debtor (or the bankruptcy estate) is entitled to possession of certain personal or other property located on the realty in question at the time that plaintiff took possession of such immediately prior to the filing of this case pursuant to the referred state court possessory proceedings.

Debtor filed a multiple count Counter-Complaint. Paragraph 2 of the Debtor's Motion for Summary Judgment as to Counter-Complaint Count One, which is before the Court for decision, succinctly states its basis: "Count I of the Counter-Complaint claims the sheriff's deed dated January 2, 2008 is void based on the fact that the Plaintiff, mortgagee foreclosed the mortgage twice - the second time on January 2, 2008."
(The January 2, 2008, deed relates to Parcel D.)

The Motion essentially raises the question of the legal effect of the foreclosure on Parcel A on the mortgage and the successive mortgage foreclosures within the context of the total factual situation and noted legal actions.

Specifically, Count One of the Counterclaim argues that, by virtue of the initial foreclosure(s) and unredeemed sheriff's deed pursuant thereto, (a) the entire mortgage was extinguished as a matter of law, and (b) consequently, the subsequent 2007 foreclosure(s), its ensuing sheriff's deed(s), and non-redemption as to all of the other parcels were void and ineffective; from which follows that Summary Judgment on her Count One of her Counterclaim should be granted.

## II. DISCUSSION

4

The dispositive legal issue presented is whether a single mortgage encumbering more than one parcel is extinguished as to all parcels when there is a foreclosure on one (or less than all) of the parcels, in the context of the proceeds of the initial foreclosure sale being less than the total mortgage debt. The Court has, for the following reasons, concluded that the foreclosure as to one of (the first parcel in this instance) the parcels covered by the mortgage only extinguishes the mortgage and mortgage debt as relates to that parcel, leaving open possible foreclosures with reference to the other separate parcels.

MCL § 600.3224, Sale of distinct parcels, provides:

> Sec. 3224. If the mortgaged premises consist of distinct farms, tracts, or lots not occupied as 1 parcel, they shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest and the cost and expenses allowed by law but if distinct lots be occupied as 1 parcel, they may in such case be sold together.

Debtor's argument is that, by complying with this section and selling one parcel at a time, Creditor extinguished its mortgage at the moment it foreclosed on the first (of the four in this case) parcels covered by the mortgage. In support of this argument, Debtor cites cases with language stating that "[u]pon a foreclosure sale, the mortgage debt is considered paid and the mortgage lien discharged. *Senters v. Ottawa Sav. Bank, FSB,* 443 Mich. 45, 503 N.W.2d 639, 641 (Mich. 1993) (citing *Wood v. Button,* 205 Mich 692, 701, 172 N.W. 422 (1919)). These and other cases relied upon by Debtor, however, all involved mortgages dealing with a single parcel as collateral, and therein lies the difference.

It is true that upon a foreclosure by advertisement with reference to the single parcel of collateral covered by a mortgage, the mortgage is extinguished and the remedy that is left to the

5

mortgagee is the possibility of a deficiency judgment for any remaining balance of the debt. That is true because there is no collateral covered by such a mortgage left to foreclose upon. The mortgage as to the foreclosed upon collateral is extinguished, but the debt is not necessarily. However, where there is more than one or there are other parcels which are collateral for the mortgage which is not foreclosed upon, and the debt is not satisfied by virtue of the foreclosure that did take place; that is a different story. In that context, the language relied upon by Debtor is both understandable, but also inapplicable to the situation before the Court.

Neither the briefs filed nor independent research has revealed a Michigan case precisely on point. However, there are several strong reasons to conclude that a foreclosure on one parcel does not extinguish a mortgage as to other parcels. Were the rule otherwise, as Debtor contends, it would require that all sales pursuant to MCL § 600.3224 occur simultaneously, something which, in a very strict sense, is impossible. Instead, in a situation in which there are multiple parcels, the proper result is implied in *Grover v. Fox,* 36 Mich. 461, 471(Mich. 1877): "when enough [parcels] had been sold to satisfy the mortgage debt and all costs and expenses, the power was exhausted, and the holders of the mortgage were without authority to make sale of more parcels." For example, the mortgage is extinguished when enough parcels are sold to satisfy the debt, but not before, or put differently, the authority to foreclose continues until enough parcels are sold to satisfy the debt. This would seem the logical outcome in light of the purpose of the statute requiring sale of individual parcels.

> It was enacted by the legislature to protect parties having interests in the mortgaged premises by insuring a right of redemption where the occupancy and ownership are other than as one parcel. It was also designed to obviate the sale of more of such interests than required to satisfy the mortgage and the incidental costs and expenses.

6

*Masella v. Bisson,* 359 Mich. 512, 517, 102 N.W.2d 468, 471 (Mich. 1960). Were multiple parcels required to be sold separately and simultaneously, lest the mortgagee lose its interest, it would be impossible to know at which point the mortgage debt was or could be satisfied, and that would completely defeat the purpose of the statute.

In her Reply brief, Debtor says that the "commonly used" method for foreclosing a mortgage secured by numerous parcels is to hold one foreclosure sale at which the parcels are sold separately. While that could make sense in some situations and such is practically possible, there is nothing to indicate that it is required under Michigan law. Debtor argues that the language in MCL § 600.3224, which states that distinct parcels "shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale," indicates that there is to be only one notice and one date for the sale. Such a construction is inconsistent with the noted meaning and purpose of the statute. Conducting separate sales (as was the case here) is in fact consistent with the purposes of the statute and does not prejudice the mortgagor. Rather, it insures a right of redemption as to each parcel and insures that no more parcels than necessary are sold to satisfy the debt. Moreover, in some circumstances, it would seem to be to a mortgagor's benefit to have sales occur on different days or different times because it may facilitate a larger bidder pool. But that is for the foreclosing party to decide.

There can be either a single mortgage debt and an accompanying single mortgage document, the collateral for which are multiple and separate parcels (the instant situation), or there can be a single debt obligation, payment for which is collateralized by separate mortgage documents on separate parcels. Illustrative of the former (in a situation not dissimilar to this case) is *Duprey v. Western State Bank*, 221 Neb. 230, 375 N.W.2d 909 (Neb. 1985). In that case, there the debt

7

obligation was secured by a single mortgage covering three separate parcels. The mortgagor, subsequent to the mortgage, had sold one of the parcels to a third party on an installment sale subject to the mortgage. The mortgagee foreclosed on one of the three parcels – the sale proceeds not being enough to satisfy the mortgage debt in full. Following the foreclosure sale, the mortgagor sought to quiet title in the mortgagors as to the property sold to the third party, arguing that the foreclosure sale of the one property extinguished the mortgage not withstanding the fact the foreclosure sale proceeds were less than the total debt. In deciding against the mortgagors, the Court first said that the mortgagor's theory "not only represents a triumph of form over substance but under these facts also conflicts with applicable statutes and case law in Nebraska." In the further course of its opinion, the court concluded that the instruments involved showed an intention to secure the obligation "by encumbering the individual parcels of real estate with liens enforceable <u>to the extent of the debt</u>" (emphasis added). The Nebraska court majority then went on to adopt the reasoning in a Michigan case, *Michigan Nat'l Bank v. Martin*, 19 Mich. App. 458, 172 N.W. 2d 920; their view of the holding in that case being: "that while the mortgagor's indebtedness remained unsatisfied, the mortgagee's first foreclosure did not preclude subsequent foreclosures for the balance of the debt." *Dupuy*, 221 Neb. at 236, 374 N.W.2d at 914.

The cited Michigan case was a situation where these were separate mortgages on separate parcels, collectively, as collateral for a debt that was, or was treated as, a single obligation. The Nebraska court, in rejecting arguments similar to those of the Debtor in this case stated "[W]e further note an abundance of authority validating consecutive foreclosures such as the one involved here. See, e.g., *Michigan Nat'l Bank v. Martin*, 19 Mich. App. 458, 172 N.W.2d 920 (1969); *Waken*

8

*v. Bimstrom*, 172 Okla. 232, 45 P.2d 97 (1935); *Tacoma Sav. Bank & Trust Co. v. Safety Inv. Co.*, 123 Wash. 481, 212 P. 726 (1923). *Dupuy*, 221 Neb. at 238, 375 N.W.2d at 915.

The Michigan statute, M.C.L. § 600.3224, weighs more favorably in support of this Court's conclusion than the Nebraska statute, the former being operationally described as follows:

> The purpose of the statutory provision on which plaintiff relies is obvious. It was enacted by the legislature to protect parties having interests in the mortgaged premises by insuring a right of redemption where the occupancy and ownership are other than as one parcel. It was also designed to obviate the sale of more of such interests than required to satisfy the mortgage and the incidental costs and expenses. It is equally obvious that the requirement with reference to separate sales of parcels covered by the mortgage lien had reference to the time of conducting the sale rather than to prior use or occupancy. One who seeks to foreclose a mortgage containing a power of sale, in accordance with the statute pertaining thereto, is bound to proceed in accordance with the requirements that the legislature has imposed with reference to the proceedings. In other words the requirement as to separate sales of different parcels, not occupied as one, is mandatory and one whose rights have been jeopardized by failure to comply with such requirement is entitled to ask in a proper proceeding that the sale be set aside.

*Mansella vs. Bisson*, 359 Mich. 512, 517, 102 N.W.2d 468, 471 (Mich. 1960). See also *Cameron, Michigan Real Property Law*, 745 (3rd E.D.M.), which states that "in the case of foreclosure by advertisement, if the mortgaged property consists of distinct farms, tracts or lots, that are not occupied as or parcel, the parcels must be offered for sale separately first, and <u>no</u> more parcels may be sold than are necessary to satisfy that debt. MCL § 600.3224." If in a multiple parcel situation no more parcels may be sold than are necessary to satisfy the debt, then it necessarily follows that the mortgage is not extinguished unless and until there is a sale of as many parcels as will satisfy the debt in full. The protection(s) afforded the mortgagor is not extinguishment of the mortgage at the first sale (or subsequent sales) but extinguishment of the mortgage as relates only to the property

9

foreclosed upon, and preclusion of sales of parcels beyond such as are necessary to fully extinguish the debt.

Put differently, how could there be (or why would a statute provide for) successive or multiple sales where the previous sales did not fully satisfy the debt, if the entire mortgage had been extinguished by a previous or other foreclosure sale? What is the point or need of statutorily providing for successive sales unless they might be necessary to help extinguish the mortgage? The very asking of the questions suggests the answer. A debt secured by a mortgage is satisfied (extinguished) by its payment. A mortgage is satisfied (or extinguished) at such times as the collateral it covers is foreclosed upon, or in a multiple collateral situation, such as the one at hand, at such times as enough of the collateral is foreclosed upon to satisfy the debt (or if and when all of the collateral is foreclosed upon, whether or not the proceeds were enough to satisfy the debt). Neither a fair reading of the statute itself nor analytical sense dictate otherwise.

It is Debtor's burden as the moving party to show she is entitled to judgment as a matter of law, and she also carries the burden on her underlying Count One claim that the initial foreclosure extinguished the mortgage. For the indicated reasons, Debtor has failed to show she is entitled to judgment as a matter of law. Moreover, since there is no genuine issue of material fact, based on the rationale of the Court in this Opinion, Count One of the Counter-Complaint should also itself be dismissed because any further inquiry contemplated by this Court's prior opinion denying dismissal of Count One of the Counter-Complaint is rendered moot by the basis for this Opinion. Borrowers Network should present as order consistent with this Opinion.

A status conference on further proceedings is set for **May 26, 2011, at 3:00 p.m** .

10

09-04903-wsd    Doc 49    Filed 05/05/11    Entered 05/05/11 17:39:59    Page 10 of 11

**Signed on May 05, 2011**

                                               **/s/ Walter Shapero**
                                               **Walter Shapero**
                                               **United States Bankruptcy Judge**